**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RAMON SAMANO,

    Plaintiff - Appellant,

 v.

KAISER FOUNDATION HEALTH
PLAN, INC.; et al.,

    Defendants - Appellees,

 v.

COLLECTION CONSULTANTS OF
CALIFORNIA INC.; et al.,

    Movants.

No. 10-55696

D.C. No. 2:07-cv-05512-GAF-CW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted December 9, 2011
Pasadena, California

Before: B. FLETCHER, SILVERMAN, and WARDLAW, Circuit Judges.

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Ramon Samano appeals the district court's grant of summary judgment in favor of Kaiser Foundation Health Plan, Inc., Southern California Permanente Medical Group, and Kaiser Foundation Hospitals (collectively, "Kaiser"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and vacate in part.

1. The district court properly awarded summary judgment in favor of Kaiser on Samano's claims for ERISA benefits. It is undisputed that Kaiser paid Samano's $31,000 discounted bill and reimbursed Samano for related out of pocket expenses he was charged for emergency medical services provided by Providence Holy Cross Medical Center ("Providence"). It is also undisputed that once Providence applies the discounted rate to a patient's bill, that sum is the maximum amount the patient owes Providence. Thus, the district court correctly concluded that Samano has received all the benefits owed under his ERISA plan and is not entitled to reimbursement for the original, nonbilled, amount of benefits that Kaiser might have owed Providence had it originally recognized that Samano was entitled to coverage. Under the circumstances, such an award of benefits to Samano would be a windfall, not permitted under ERISA, 29 U.S.C. § 1132(a)(1)(B). Under ERISA, a beneficiary may not recover "extracontractual,

2

compensatory [or] punitive damages." *Bast v. Prudential Ins. Co. of Am.*, 150 F.3d 1003, 1009 (9th Cir. 1998). Moreover, the district court properly ordered that if Providence makes any further claim arising from the emergency medical services rendered in August and September, 2006, Kaiser will be required to reimburse Samano for such a claim.

2. It is not clear, however, that Samano had the opportunity to move for attorney's fees before judgment was entered against him on April 1, 2010. In the judgment, the court ordered each party to bear its own attorney's fees and costs, without explanation. The court's order granting summary judgment states that Kaiser originally erroneously denied Samano plan benefits, but during the pendency of the litigation, changed its coverage position and paid the discounted sum to Providence. Samano "need not be a 'prevailing party' to be eligible for an attorney's fees award under § 1132(g)(1)," *Hardt v. Reliance Standard Life Ins. Co.*, 130 S. Ct. 2149, 2156 (2010), but "must show 'some degree of success on the merits' before a court may award attorney's fees," *id.* at 2158. Because he did not have the opportunity to timely move for fees, Samano did not waive his right to them and he may be entitled to a fees award. *See San Diego Police Officers' Ass'n v. San Diego City Emps.' Ret. Sys.*, 568 F.3d 725, 742-43 (9th Cir. 2009). We therefore vacate the order splitting fees and costs and remand to the district court to

3

address Samano's claim to them.  We express no opinion on the merits of the request for attorney's fees.  Each party shall bear its own costs on appeal.

**AFFIRMED in part; VACATED in part; REMANDED.**